UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-5577-BHS |
| Plaintiff, | ORDER |
| v. | |
| AARON SCOTT COLLINS, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Aaron Collins' motion for early termination of supervised release, Dkt. 9.

On May 21, 2015, Collins was sentenced in the Western District of North Dakota to 60 months of custody followed by 10 years of supervised release after he pled guilty to (1) coercion and enticement and (2) possession of materials involving the sexual exploitation of minors. Dkt. 2-4. Collins completed his custodial term and began supervised release on May 20, 2019. On November 18, 2018, jurisdiction was transferred to the Western District of Washington.

Collins seeks early termination of his term of supervised release, arguing that his "exemplary performance" while on supervision and full compliance with all conditions

ORDER - 1

demonstrate that continued supervision is no longer necessary. Dkt. 9 at 1. He asserts that he has "worked diligently to be a responsible, law-abiding, and productive member of [the] community." Dkt. 9-1 at 2. According to Collins, he has maintained full time employment, participated in and completed sex offender treatment, passed all polygraphs, and established a long-term supportive relationship. Dkt. 9 at 2–3.

The Government opposes Collins' request. It argues that while Collins has "done well on supervision, the remaining term is necessary to ensure that the defendant continues on the right path." Dkt. 11 at 3. It asserts that "[c]ompliance does not render supervision unnecessary." *Id.* at 2.

Probation does not expressly oppose the motion but states that based on "national supervision policy," it cannot endorse the request given the nature of the underlying offense. Dkt. 12 at 2. However, it acknowledges that Collins "has performed well on supervision and is deserving of our commendation." Dkt. 12 at 2.

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any

pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1)–(a)(7).

On February 17, 2026, the Court requested additional information from Collins' treatment provider as to whether future monitoring is necessary to ensure compliance with any conditions. *See* Dkt. 16. In response, the treatment provider reported that Collins is considered a "very low risk to reoffend." Dkt. 17. The provider explained that while in treatment, Collins "fully participated in the treatment process, completed all assigned work, attended individual therapy sessions regularly, and took responsibility for the charged offense." *Id.* The provider asserted that they were "in support" of Collins' request for early termination of supervision. *Id.* Significantly, Collins also passed a polygraph with the results showing "no deception." Dkt. 17-1.

The Court commends Collins on his sustained compliance with the terms of his supervision and his committed actions towards achieving a healthy and supportive family life.  Compliance with the conditions of supervised release for an extended period demonstrates rehabilitation and the possibility of early termination provides incentive to defendants to do well on supervision. The Court is not bound by Probation's categorical policy that precludes or discourages early termination for those that have committed sex offenses. Rather, the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Since successfully completing his treatment

ORDER - 3

program, Collins has maintained full-time employment, fully complied with all conditions of supervision, purchased a home, and established positive relationships. The Court finds that the § 3553(a) factors overwhelmingly weigh in favor of Collins' termination of supervised release. The Court agrees with Collins that continued supervision is no longer necessary.

It is hereby **ORDERED** that Collins' motion for early termination of supervised release, Dkt. 9, is **GRANTED**.

Dated this 25th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4